```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


DATHANIEL CAMPBELL and AMBERLY   §
KINNER CAMPBELL,                 §
                                 §
              Plaintiffs,        §
                                 §
VS.                              §   CIVIL ACTION H-11-898
                                 §
WILLIAM THOMAS ARNEY, MICHELLE   §
COLLINS, INTERCOL USA, LTD. CO.  §
d/b/a EXIT REALTY INSURANCE      §
COMPANY, and FIDELITY NATIONAL   §
FINANCIAL, INC.,                 §
                                 §
              Defendants..       §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced action is Plaintiffs Dathaniel Campbell and Amberly Kinner Campbell's second motion for extension of time to file motion to remand under 28 U.S.C. 1447(c)(instrument #15).  The motion indicates that its grounds for seeking remand are for defects other than subject-matter jurisdiction.

No response has been filed; under Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition." Plaintiffs cite *In re Shell Oil Co.,* 932 F.2d 1523, 1529 n.9 (5th Cir. 1991) for the proposition that where the parties contemplate agreeing to extend the time required to file a motion for remand, there must be express agreement approved by the Court.

"A motion to remand based on any defect other than a lack of

-1-

subject matter jurisdiction must be made within 30 days of the filing of the notice of remand." Karl Oakes, J.D., "When remand may be sought," 29A Fed. Proc., Lawyers Edition § 69:126, citing 28 U.S.C. § 1447(c). If the motion, grounded on improper removal proceedings, is not timely made, the defect in removal procedure is waived. *Id.*, citing *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir.1995)(holding that "the district court has no discretion to remand to state court when a motion to do so is grounded on improper removal procedures and that motion is not made within thirty days from the filing" of the notice of removal; "[u]nder such circumstances, the objection . . . is waived."), *citing In re Shell*, 932 F.2d at 1529. The note regarding agreement in *In re Shell*, 932 F.2d at 1529 n.9, is merely dicta. Furthermore there is no "express agreement between the parties" here. *See also FDIC v. Loyd*, 955 F.2d 316, 323 (5th Cir, 1992)("The district court is therefore not empowered by § 1447(c) to remand a case because of a procedural defect in removal, *sua sponte* or on motion of the parties, more than thirty days after removal."); *S.M. v. Jones*, 794 F. Supp. 638, (W.D. Tex. 1992)("Because 28 U.S.C. § 1447(c) has been amended to impose a 30 day time limit upon parties to object to a procedural defect in the removal of a case, the Fifth Circuit has concluded that the party opposing the removal must object to any such procedural defect within this second 30 day period" and if it fails to do so, it

"waives its right to object.").

In the instant case the notice of removal was filed on March 10, 2011. The instant motion for extension of time was filed on May 24. 2011.

Accordingly the Court concludes that as a matter of law Plaintiffs have waived their right to object to procedural defects in the removal of this action and

ORDERS that the motion for extension of time (#15) is DENIED.

**SIGNED** at Houston, Texas, this  21st  day of  July , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE